UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

ZULAIKA DELGADO,

Plaintiff,

-against-

OSM AVIATION, INC. and
NORWEGIAN AIR SHUTTLE ASA,

Defendants.

**Index No.:**

**COMPLAINT**

**INTRODUCTION**

1. Zulaika Delgado ("Ms. Delgado" or "Plaintiff") brings this action, by her attorneys, Imbesi Law P.C., against Defendants OSM Aviation Inc. ("OSM") and Norwegian Air Shuttle ASA ("Norwegian Air") (collectively, "Defendants").

2. Plaintiff, a former employee of Defendants, seeks damages and other appropriate relief for violations of her statutory, civil and human rights under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"), Article 15 of the Executive Laws of the State of New York, § 290 *et. seq.*, including § 296 as amended (hereinafter referred to as the "State HRL") and Article I, Section 8 of the New York City Administrative Code, known as the New York City Human Rights Law, §8-101 *et. seq.*, ("City HRL").

**PARTIES**

3. Plaintiff is a resident of New York County, State of New York.

4. Defendant OSM is a foreign business corporation authorized to conduct business in the State of New York.

5. Defendant Norwegian Air is a foreign business corporation authorized to conduct business in the State of New York.

6. Defendants are "employers" as defined in the applicable federal, New York State, and New York City statutory provisions.

7. Plaintiff is an "employee" as defined in the applicable federal, New York State, and New York City statutory provisions.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the claims over which the Court has original subject matter jurisdiction that the state law claims form part of the same case or controversy.

10. This Court has personal jurisdiction over Defendants since Defendants availed themselves of the rights and privileges of conducting business in New York and Defendants have continuous and systematic contacts with the State of New York.

11. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as the events and conduct giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

### A. Background

12. Norwegian Air is a European airline that flies domestically and internationally. Upon information and belief, the company employs over 1,500 employees worldwide.

13. Norwegian Air has a division within North America that is headquartered in New York at 111 Eighth Avenue, New York, New York 10011.

14. Norwegian Air uses OSM for their aviation services and support.

15. OSM is a provider of offshore, shipping, and crew management services with operations worldwide.

16. OSM works with major airlines to provide aviation and cabin services for domestic and foreign flights. OSM employs more than 10,000 employees worldwide.

17. OSM is headquartered at 915 Middle River Drive, Suite 513, Fort Lauderdale, Florida State, 33330.

18. On or around January 2014, Plaintiff began working for OSM and Norwegian Air as a flight attendant in the cabin crew. On average, Plaintiff worked fifty (50) to ninety (90) hours a week.

**B. Plaintiff's Disability**

19. On or around March 25, 2018, Plaintiff was on a plane which experienced "failure flight," resulting in a flight diversion ("the first incident"). The flight was en route from Paris to New York and made an emergency landing in London. OSM Aviation, did not debrief any of the crew members after the flight, or give the crew a follow-up call after this first incident.

20. After the first incident, Plaintiff experienced significant emotional distress as she felt unstable and unsafe.

21. Plaintiff sought medical attention because of the first incident.

22. Plaintiff was diagnosed by her medical provider with Post-Traumatic Stress Disorder (PTSD).

23. Plaintiff promptly provided medical documentation to OSM and Norwegian Air stating that she had PTSD.

24. Shortly after Plaintiff was diagnosed with PTSD she contacted Defendants regarding an accommodation to put in a Leave/Time Off request.

25. Defendants denied Plaintiff's request for an accommodation without engaging in the interactive process.

26. On or around April 27, 2018, Plaintiff was on a plane that experienced engine failure which resulted in an abnormal landing ("the second incident").

27. Plaintiff sought medical attention after this traumatic second incident and was further diagnosed with PTSD by her primary care doctor.

28. Plaintiff once again contacted Defendants about her PTSD and requested an accommodation to take time off from work.

29. Without engaging in the interactive process, Defendants denied Plaintiff's request.

**C. <u>Plaintiff's Pretextual Termination</u>**

30. Plaintiff was terminated on May 11, 2018, only four (4) days after her accommodation request.

31. Defendants falsely claimed that Plaintiff was terminated for harassing another employee.

32. Defendants failed to investigate the above-referenced matter allegedly involving another employee and Plaintiff was only informed about the alleged incident during her termination shortly after her accommodation request.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

33. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

34. The Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12112, provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employee, employee compensation, job training and other terms, conditions and privileges of employment."

35. As employers and/or employment agencies, Defendants are covered entities.

36. 42 U.S.C. § 12102 defines a "disability" as "a physical or mental impairment that substantially limits a major life activity or has a record of such impairment or is regarded as having such an impairment."

37. Accordingly, Plaintiff is a qualified person since Defendants regarded Plaintiff as disabled and terminated her because of a perceived impairment, an act prohibited by the ADA. Further, Defendants discriminated against Plaintiff based off her actual disability of post traumatic stress disorder.

38. 42 U.S.C. § 12102 defines a "major life activity" to include, but not limited to, "caring for oneself, performing manual tasks... walking, standing, lifting, bending, speaking, breathing...and working." Plaintiff's disability substantially limits one or more of her major life activities.

39. 42 U.S.C. § 122112 (b)(5)(A) defines "discriminate" to include a failure to make reason able accommodations unless undue hardship would result.

40. Defendants have discriminated against Plaintiff in their failure to accommodate her disa

bility when an accommodation could have been made without any undue hardship and t heir failure to engage in the interactive process.

41. As a direct result of Defendants' discriminatory conduct, Plaintiff has suffered and will c ontinue to suffer from severe emotional distress and financial harm.

42. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to recover reasonable attorney's fees, including litigation expenses and costs.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF THE STATE HRL**

43. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

44. Defendant OSM is an "employer" as defined in the State HRL.

45. Defendant Norwegian Air is an "employer" as defined in the State HRL.

46. Plaintiff is an "employee" as defined in the State HRL.

47. The aforementioned acts of OSM and Norwegian Air constitute unlawful discrimination against Plaintiff based on her disability under the State HRL in violation of Article 15, § 290 *et. seq.* of the New York State Executive Laws and specifically § 296 thereof, which states:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's...disability... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

48. As set forth above, OSM and Norwegian Air, by their conduct, discriminated against Plaintiff, by failing to accommodate her disability, and forcing Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of her employment.

49. As a result of OSM and Norwegian Air's violations of the foregoing statutory laws, Defendants are liable to Plaintiff pursuant to State HRL § 297(9) for damages and such other remedies as may be deemed just and appropriate.

50. As a direct result of OSM and Norwegian Air's discrimination and failure to accommodate Plaintiff's disability, she has suffered, and continues to suffer, a significant loss of income and emotional distress.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE CITY HRL

51. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

52. Plaintiff was discriminated against by Defendants on the basis of her disability.

53. The aforementioned acts of Defendants' constitute unlawful discrimination against Plaintiff in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, § 8-107 under the City HRL, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived ...disability... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

54. Upon information and belief, Plaintiff would not have been terminated but for her disabilities perceived or actual by Defendants and her request for an accommodation.

55. As a result of Defendants' violation of the City HRL, they are liable to Plaintiff pursuant to § 8-502 of said statute for damages including punitive damages and attorneys' fees.

56. As a direct result of Defendants' discrimination, Plaintiff suffered a significant loss of income and emotional distress.

## COUNT IV
## RETALIATION IN VIOLATION OF THE CITY HRL

57. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

58. The New York City Administrative Code §8-1-07(7) provides that it shall be unlawful discriminatory practice: "For an employer...to discharge...or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

60. Because of the NYCHRL retaliation, Ms. Baez has, and continues to be, damaged including the loss of past and future wages and benefits, and past and future physical and emotional distress, and the attorneys' fees and costs of bringing this action.

**COUNT V**
**RETALIATION IN VIOLATION OF THE STATE HRL**

61. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

62. Plaintiff was terminated in retaliation for asserting her rights under the NYSHRL.

63. Because of the NYSHRL retaliation, Ms. Baez has, and continues to be, damaged including the loss of past and future wages and benefits, and past and future physical and emotional distress, and the attorneys' fees and costs of bringing this action.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages in an amount to be determined by a jury sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b. Economic damages in the form of back pay and compensation for lost benefits, plus pre judgment interest;

c. Damages in the form of front pay or reinstatement, plus pre judgment interest;

d. An award of punitive damages sufficient to deter OSM and Norwegian Air from engaging in future unlawful conduct;

e. Reasonable costs and attorney's fees; and

f. Any such further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
January 30, 2019

Respectfully submitted,

By: ______________________

**IMBESI LAW P.C.**
Seth Nadler, Esq.
450 7th Avenue, Suite 1408
New York, NY 10123
Tel: (646) 767-2270
Email: seth@lawicm.com